**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANCY BARANYI, | : |
| Plaintiff, | : CIVIL ACTION NO. 09-1813 (MLC) |
| v. | : **MEMORANDUM OPINION** |
| JOAN BROACH-MOORE, et al., | : |
| Defendants. | : |

**COOPER, District Judge**

Plaintiff, Nancy Baranyi, brought this action against, inter alia, defendants Detective Frederic Simpson ("Simpson"), City of Trenton Police Department, and City of Trenton (collectively, the "Moving Defendants"), alleging federal claims under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and various state claims. (Dkt. entry no. 1, Compl.) The City of Trenton and the City of Trenton Police Department (collectively, the "City Defendants") now move (1) for summary judgment in their favor as to the state law claims pursuant to Federal Rule of Civil Procedure ("Rule") 56, and (2) to dismiss the Ninth Count of the Complaint for failure to state a claim pursuant to Rule 12(b)(6). (Dkt. entry no. 4.) Simpson moves separately for identical relief. (Dkt. entry no. 7.) Plaintiff opposes the separate motions. (Dkt. entry nos. 8, 10.) The Court determines the separate motions on the papers and

without an oral hearing pursuant to Rule 78(b). For the reasons stated herein, the Court will grant the separate motions.

## BACKGROUND

Plaintiff commenced this action on February 13, 2009, alleging various federal and state claims pertaining to a February 13, 2007, arrest for alleged burglary and theft. (See Compl.) According to the Complaint, criminal proceedings related to the charges were instituted against plaintiff in state court, but later dismissed for lack of probable cause. (Id. at 3.)

Count Three through Count Nine of the Complaint allege claims against the Moving Defendants. (Id. at 4-9.) The Third and Fourth Count allege violations of the Fourth, Fifth, and Fourteenth Amendments against the Moving Defendants. (Id. at 4-6.) The Fifth Count alleges the Moving Defendants instituted criminal proceedings against plaintiff without probable cause, Simpson "harass[ed] and caus[ed] the false imprisonment of plaintiff," and the City Defendants are liable through the doctrine of respondeat superior. (Id. at 6.) The Sixth Count appears to allege Simpson confined plaintiff "by force or threats" constituting "unlawful restraint upon the freedom of movement of plaintiff," and the City Defendants are liable through the doctrine of respondeat superior. (Id. at 7.) The Seventh Count alleges Simpson "directly and/or indirectly caused an intentional, harmful and offensive touching of plaintiff while

handcuffing" her, and the City Defendants are liable through the doctrine of respondeat superior. (Id.) The Eighth Count alleges the Moving Defendants "intentionally and deliberately inflicted emotional distress upon plaintiff by maliciously prosecuting her and/or by violating her rights and/or by falsely arresting and imprisoning plaintiff." (Id. at 8.) The Ninth Count repeats and reiterates the allegations in the previous counts. (Id. at 9.)

The City Defendants now move (1) for summary judgment in their favor as to the state law claims, contending plaintiff failed to file notice of the claims as required by the New Jersey Tort Claims Act ("NJTCA"), and (2) to dismiss the Ninth Count of the Complaint for failure to state a claim. (Dkt. entry no. 4, City Defs. Br. at 2-5.) Simpson moves separately for identical relief. (Dkt. entry no. 7, Simpson Br. at 3-5.)

## DISCUSSION

I.  **Applicable Legal Standards**

   A.  **Summary Judgment Standard**

Rule 56(c) provides that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett,

3

477 U.S. 317, 323 (1986).  Once the movant has met this prima facie burden, the non-movant must "set out specific facts showing a genuine issue for trial."  Fed.R.Civ.P. 56(e)(2).  A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations.  Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  At the summary judgment stage, the Court's role is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson, 477 U.S. at 249.  Under this standard, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient [to defeat a Rule 56(c) motion]; there must be evidence on which the jury could reasonably find for the [non-movant]."  Id. at 252.  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Id. at 247-48.  A fact is material only if it might affect the action's outcome under governing law.  Id. at 248.  "[T]here is no issue for trial unless there is sufficient evidence favoring

the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted).

### B.   Rule 12(b)(6) Standard

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  On a motion to dismiss, the Court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff.  Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  The Court, however, need not credit bald assertions or legal conclusions alleged in the complaint.  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citation omitted).  While plaintiffs are not required to plead all the facts serving as a basis for the claim, the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based."  Kanter, 489 F.3d at 175; see also Allia v.

Target Corp., No. 07-4130, 2008 WL 1732964, at *3 (D.N.J. Apr. 10, 2008).

## II.  Plaintiff's State Claims

The Complaint appears to contain various state claims against the Moving Defendants.  (See Compl.)  The Moving Defendants argue that plaintiff's state claims, however, should be dismissed for failure to comply with the notice provisions of the NJTCA.  (City Defs. Br. at 2; Simpson Br. at 3.)  Plaintiff does not dispute that she did not provide the requisite notice. (Dkt. entry no. 8, Pl. Opp'n to City Defs. Br. at 2.)  Plaintiff instead contends that the Complaint does not allege any violations of the NJTCA, and that all of the claims are federal claims arising under 42 U.S.C. §§ 1983, 1985, 1986 and 1988. (Id. at 2-4.)

The NJTCA states that "[n]o action shall be brought against a public entity or public employee under [the NJTCA] unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this Chapter." N.J.S.A. § 59:8-3.  The NJTCA requires a claimant to file a Notice of Claim to allow the public entity to investigate the merits of the claim.  Id. § 59:8-4.  This notice must be signed and filed with the public entity within 90 days of the accrual of the cause of action.  Id. § 59:8-8.  The claimant bears the burden of proving that the claim was filed with the appropriate

6

public entity.  Rolax v. Whitman, 175 F.Supp.2d 720, 730 (D.N.J. 2001).

The alleged tortious acts in this case all occurred on or around February 13, 2007.  (Compl. at 2.)  Because plaintiff's claims against the Moving Defendants are against public entities and employees, plaintiff was required to file a Notice of Claim as to the state claims within 90 days of the wrongful conduct:

> A claim for damage or injury arising under this act against the State shall be filed either with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission.  A claim for injury or damages arising under this act against a local public entity shall be filed with that entity.

N.J.S.A. § 59:8-7.  Plaintiff does not dispute that she failed to provide any notice.[1]  Accordingly, insofar as the Complaint asserts claims under state law against the Moving Defendants, the claims are barred by the NJTCA.  The Court will thus grant the separate motions to the extent that they seek summary judgment in favor of the Moving Defendants insofar as the Complaint asserts claims under state law.

---

[1] Nor does plaintiff argue that the time to provide adequate notice under the NJTCA has not yet expired.  See N.J.S.A. § 59:8-9 (providing that, after the 90 day period has expired, plaintiff, within one year of accrual of the claim, may seek leave from the trial court to file a late notice of claim if she can demonstrate "sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within" the 90 day period).

**III. The Ninth Count**

The Moving Defendants further contend that the Ninth Count of the Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6), as plaintiff merely reiterates the allegations previously set forth in the Complaint and demands damages.  (City Defs. Br. at 4-5; Simpson Br. at 4-5.)  Plaintiff "agrees" that the Ninth Count should be dismissed against the Moving Defendants.  (Pl. Opp'n to City Defs. Br. at 4.)  The Court will thus grant the separate motions to the extent that they seek to dismiss the Ninth Count against the Moving Defendants.

## CONCLUSION

The Court, for the reasons stated supra, will enter judgment in favor of the Moving Defendants to the extent that the Complaint asserts claims under state law.  The Court, moreover, will dismiss the Ninth Count of the Complaint against the Moving Defendants.  The Court will issue an appropriate Order and Judgment.

    s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Dated:    July 21, 2009